INGRAM, Judge.
The plaintiff, Sheila Harris, filed a complaint in May 1986, alleging that the defendant, Raymond Harris, maliciously and without probable cause executed a warrant for her arrest on a charge of forgery in the second degree. In April 1988, the jury returned a verdict in favor of the plaintiff and assessed damages against the defendant in the amount of $1,700. In May 1988, the defendant filed a motion for judgment notwithstanding the verdict or, in the alternative, motion for new trial, which the trial court subsequently denied. The defendant appeals, contending that the evidence does not support a judgment for malicious prosecution. Specifically, he claims there was probable cause to believe that the plaintiff had committed forgery in the second degree.
At the outset, we note that jury verdicts are presumed correct. This presumption is strengthened when the trial court refuses to grant a motion for new trial. In his motion for new trial, the defendant argued in essence that the verdict was contrary to the evidence. In such cases, a trial court’s refusal to grant a new trial will be reversed on appeal only when, after taking into account the attendant presumptions, this court is convinced that the verdict is contrary to the preponderance of the evidence. Merrill v. Badgett, 385 So.2d 1316 (Ala.Civ.App.1980).
The record before this court reveals that the plaintiff in January 1982 entered into a partnership known as Key Investments with three other people, including her husband at the time, Raymond Harris. The plaintiff, under the terms of the agreement, became the managing partner. Shortly thereafter, the partnership bought a building in the Perdido Key, Florida, community and subsequently leased the building to Beach Bazaar, a shop owned and operated by the plaintiff. Under the terms of the lease agreement, Beach Bazaar would pay the expenses incurred by the partnership, Key Investments, in lieu of paying rent.
In December 1984, approximately two- and-one-half years after the partnership was formed, the plaintiff and the defendant were divorced. Although the defendant informed the partners that he wanted out of the partnership, he was still a partner when Hurricane Elena damaged the Key Investments/Beach Bazaar building in September 1985. The partnership filed a claim with its insurance company to recover for the damages to the building. The insure *286 anee company subsequently tendered a check which was made payable to all the partners individually and Central Bank as loss payee. The plaintiff stated that, upon receiving the check, she attempted to contact the defendant, but was unsuccessful. She, therefore, signed her name and the defendant’s name on the back of the check and also secured the endorsements of the remaining two partners. After securing Central Bank’s endorsement, she deposited the check into the Beach Bazaar account. These funds, which amounted to $2,338.00, were used solely to repair and restore the Beach Bazaar building.
The plaintiff testified that she later informed the defendant that the damaged building had been repaired with the proceeds received from the insurance check. The defendant testified to the contrary and stated that the plaintiff had refused to discuss the disposition of the insurance check with him or his attorney. For this reason, he testified, he contacted the police to investigate this matter. He informed the police that the plaintiff had signed his name to an insurance check without his permission. A police officer contacted the bank. The bank verified that the insurance check had been presented to the bank and that it was deposited in the Beach Bazaar account. This was made known to an assistant district attorney. Apparently, on the strength of this information, coupled with the defendant’s previous statement that he had not endorsed the check, the assistant district attorney indicated to the police investigator that probable cause existed.
The defendant signed a warrant of arrest for the plaintiff for forgery in the second degree. The plaintiff was later arrested at her place of business in the presence of her customers. She was released from jail approximately five hours later after posting bond. A preliminary hearing was conducted in March 1986, at which time a nolle prosequi was entered on the motion of the same assistant district attorney who had earlier indicated that probable cause existed. Later, in April 1986, this cause of action was presented to the grand jury, and a no bill was rendered in the case. Shortly thereafter, the plaintiff filed a suit for malicious prosecution against the defendant.
As a rule, the plaintiff must prove the following elements in order to recover in a suit for malicious prosecution: (1) a judicial proceeding initiated by the defendant; (2) without probable cause; (3) malice on the part of the defendant; (4) termination of the judicial proceeding favorable to the defendant; (5) damages. Ritch v. Waldrop, 428 So.2d 1 (Ala.1982). However, in the present case, the burden shifted to the defendant to prove he had probable cause to believe that the plaintiff was guilty of forgery in the second degree, since the district court dismissed the charge and the grand jury returned a no bill. Chatman v. Pizitz, 429 So.2d 969 (Ala.1983); Gulf States Paper Corp. v. Hawkins, 444 So.2d 381 (Ala.1983). The issue of probable cause must go to the jury where, as here, the material facts are in dispute. National Security Fire & Casualty Co. v. Bowen, 447 So.2d 133 (Ala. 1983). We find that the jury could have reasonably concluded from the facts presented that the defendant failed to meet his burden of proof.
It is well established that
“ ‘probable cause’ as the term is employed in actions for malicious prosecution is such a state of facts in the mind of the prosecutor as would lead a man of ordinary caution and prudence to believe or entertain an honest and strong suspicion that the person arrested is guilty."
447 So.2d at 139. The warrant issued for the plaintiff’s arrest charged her with forgery in the second degree. § 13A-9-3. “Intent to defraud” is an essential element of this crime. Here, it is clear that the defendant was aware of certain discretionary powers conferred upon the plaintiff as managing partner which authorized her “to do any and all things and to execute any and all documents, contracts, evidence of indebtedness, security agreements, financing statements and other similar documents necessary ... to carry out ... the purpose of the partnership.” It is also clear that he was aware that the Key In *287 vestments partnership was dependent upon the continued operation of the Beach Bazaar building. As noted previously, this building paid the expenses incurred by the partnership in lieu of paying rent.
The defendant maintains that he executed the warrant based upon the advice given by the investigating officer; therefore, he insists, he had probable cause to suspect the plaintiff of the crime charged.
Reliance upon the advice of counsel is a complete defense to an action for malicious prosecution. However, here, it appears that the defendant relied upon the advice of the investigating officer rather than the advice of counsel. Broussard v. Brown, 353 So.2d 804 (Ala.Civ.App.1978).
In view of the foregoing, this case is due to be affirmed.
AFFIRMED.
BRADLEY, P.J., and HOLMES, J., concur.