The plaintiff, Chestley Moore, appeals from a summary judgment in favor of the defendants, Spiller Associated Furniture, Inc. ("Spiller"), and Aetna Casualty and Surety Company ("Aetna") on Moore's complaint alleging the tort of outrage based on a refusal to pay workmen's compensation claims.
On July 25, 1989, Moore was working for Spiller. He claims to have injured his back on that date. Moore filed a claim for worker's compensation benefits with Spiller, which submitted the claim to its worker's compensation insurance carrier, Aetna. On September 5, 1989, Moore underwent surgery for a herniated lumbar disc. Aetna paid for this surgery and paid Moore temporary disability benefits.
On March 26, 1990, Moore's doctor discovered a new herniated disc and stated that Moore again needed surgery. Aetna claimed that the second herniated disc was not job-related and not in any way related to the first herniated disc. Aetna denied payment of benefits for the second herniated disc until it could investigate the cause of it.
On May 29, 1990, Moore sued Aetna to recover worker's compensation benefits. The worker's compensation suit is still pending in the Tuscaloosa County Circuit Court.
After consulting Moore's physician, Aetna resumed payment of worker's compensation benefits on September 25, 1990. Aetna later reviewed emergency room records concerning Moore's first herniated disc. Aetna discovered evidence that it claimed indicated that Moore's first herniated disc was not job-related. Aetna stopped paying benefits to Moore. Moore sued Aetna and Spiller, alleging the tort of outrage. The trial court entered a summary judgment for Aetna and Spiller, stating in pertinent part as follows:
 "A defendant is never liable where he has done no more than to insist on his legal rights in a permissible way, even though he is aware that such insistence is certain to cause emotional distress. [American Road Service Co. v.] Inmon, 394 So.2d 361, 368 (Ala. 1981).
 "The prior pending case of Chestley Moore v. Spiller Furniture Co., Inc., (CV-90-616) was filed in the Circuit Court of Tuscaloosa County, Alabama on May 29, 1990. Defendants dispute in that case whether they are liable to pay worker's compensation benefits to the Plaintiff. The tort of outrage cannot exist as a matter of law where the Defendants are merely insisting on their legal rights in a permissible way. Inmon, 394 So.2d at 368."
(C.R. 35-36.)
A summary judgment is appropriate only when the moving party shows "that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), A.R.Civ.P. Once the moving party has made a prima facie showing that there is no genuine issue of material fact, the nonmoving party must rebut that showing by presenting substantial evidence indicating a genuine issue of material fact. Hope v. Brannan, 557 So.2d 1208 (Ala. 1989). The evidence must be viewed in the light most favorable to the nonmoving party. King v. Winn-Dixie of Montgomery, Inc., 565 So.2d 12
(Ala. 1990).
 "An action based on the tort of outrage requires proof that: (1) the actor intended to inflict emotional distress, or knew or should have known that emotional distress was likely to result from his conduct; (2) the conduct was extreme and outrageous; and (3) the distress was severe."
Perkins v. Dean, 570 So.2d 1217, 1219 (Ala. 1990) (citing earlier cases). To support an *Page 837 
outrage action, the conduct has to be so extreme and outrageous in degree "as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized society." American Road Service Co. v. Inmon,394 So.2d 361, 365 (Ala. 1981).
The plaintiff presented no evidence of actions by Aetna and Spiller amounting to outrageous conduct. Aetna and Spiller merely challenged Moore's claim for worker's compensation benefits for injuries that may not be job-related. Whether benefits are owed to Moore will be decided in the worker's compensation suit that is pending in the circuit court.
The trial court properly entered the summary judgment for Aetna and Spiller. That judgment is hereby affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, SHORES, HOUSTON and KENNEDY, JJ., concur.