This is a malicious prosecution case.
Jo Ann Hall filed suit against George D. Eubanks in September 1991, charging him with malicious prosecution and seeking $1 million in damages. She alleged that the complaint resulted from an arrest warrant which Eubanks had sworn against Hall, charging her with criminal charges, and that she sustained damages, including legal expenses, although the criminal proceedings terminated in her favor. Following a jury trial, the jury returned a verdict favoring Hall in the amount of $10,000, and the trial court entered a judgment accordingly. Eubanks appeals.
Eubanks contends on appeal that the trial court erred in allowing certain testimony to be admitted at trial; that the trial court erred in denying his motion for a directed verdict; and that the trial court improperly refused to use his proffered jury instructions regarding punitive damages.
At the outset, we note that jury verdicts are presumed to be correct. Uphaus v. Charter Hospital of Mobile,582 So.2d 1140 (Ala.Civ.App. 1991). Malicious prosecution actions, however, are not favored in law, and face stringent limitations. Uphaus, supra.
The elements of an action for malicious prosecution are: "(1) a judicial proceeding initiated by the defendant; (2) the lack of probable cause; (3) malice on the part of the defendant; (4) termination of the judicial proceeding favorably to the plaintiff; and, (5) damages." Empiregas, Inc.,of Elberta v. Feely, 524 So.2d 626, 627 (Ala. 1988).
Testimony adduced at trial reveals that Eubanks apparently was tried in an August 1991 criminal proceeding, and, according to Hall, her husband testified against Eubanks. There is testimony that afterwards, Eubanks reportedly threatened to "get" the witnesses who testified against him. Hall testified that approximately one month after Eubanks's trial, she and another woman were cleaning crabs on Hall's property on Tensaw Island when Eubanks's son and his cousin began travelling on the river, yelling obscenities. Hall testified that when she and the other woman got into a boat to bait the crab baskets in the river, Eubanks's son and nephew deliberately maneuvered close to Hall's boat, splashing Hall with water. She testified that Eubanks's son was on a "kneeboard" and was riding in the water behind the boat, and that at that time, they came so close that she believed that their boat would hit them. She stated that he fell from the kneeboard, and that she and the other woman drove the boat over to him and accused him of trying to run over them. They then told the boys that they were going to call the water patrol.
At trial, Eubanks's nephew disputed Hall's version of events. Eubanks's nephew testified that after the alleged incident, he called the police for Eubanks's son, and that Eubanks's son told the police that Hall cursed them, and that there was a paddle and gun involved. The nephew also testified that Eubanks actually signed the complaint at the police's behest, because Eubanks's son and nephew were too young to sign the complaint.
Although Hall was charged with harassment and menacing, the trial court granted Hall's motion for judgment of acquittal in September 1991, and Hall filed suit against Eubanks for malicious prosecution that same month.
Eubanks first contends that the trial court erred in admitting, over his objection, testimony regarding his prior acts. Jerry Crowe, another witness in Eubanks's criminal trial, testified that after that trial, Eubanks harassed him in various ways, including discharging firearms near Crowe's house, making numerous phone calls to him, and by harassing him while driving. A person's character, when offered for the purpose of showing his conduct on a specific occasion, *Page 775 
may not be proven by evidence of his specific acts or conduct. Mayfield v. State, 591 So.2d 143 (Ala.Crim.App. 1991); C. Gamble, McElroy's Alabama Evidence, § 26.01 (4th ed. 1991). Hall argues that Crowe's testimony was proffered not to show that Eubanks acted in conformity therewith in signing the complaint, but rather to establish Eubanks's malice towards the witnesses who testified against him at his criminal trial.
Malice, for purposes of a malicious prosecution action, may be inferred from want of probable cause or it may be inferred from the circumstances surrounding and attending prosecution.Thompson v. Kinney, 486 So.2d 442 (Ala.Civ.App. 1986). "This is because malice is incapable of positive, direct proof and must out of necessity be rested on inferences and deductions from facts which are heard by the trier of fact." Thompson at 445. The element of malice may be inferred from the conduct of the defendant if no other reasonable explanation exists for his actions. Johnson v. Smith, 503 So.2d 868 (Ala.Civ.App. 1987). Therefore, Crowe's testimony was admissible for the narrow purpose of establishing Eubanks's malice towards the witnesses.
Eubanks next contends that the trial court erred in refusing to grant his motion for a directed verdict. A directed verdict in favor of a defendant is proper only when there is no evidence to support one or more of the elements in the plaintiff's cause of action. Smith v. Wendy's of theSouth, Inc., 503 So.2d 843 (Ala. 1987). Eubanks argues that Hall had failed to prove he lacked probable cause for instigating the judicial proceedings against Hall.
Probable cause is the state of facts which would lead a person of reasonable prudence to honestly believe that the claims put forth in the prior suit would prevail.Empiregas, supra. The issue of probable cause must go to a jury when the material facts are in dispute, as in this case. Harrisv. Harris, 542 So.2d 284 (Ala.Civ.App. 1989). The question of probable cause being a jury question, the trial court properly refused Eubanks's motion for a directed verdict.
Eubanks last contends that the trial court erred in refusing to give one of his jury instructions. Specifically, the trial court refused Eubanks's request to charge the jury that in order to award punitive damages, the jury must find by "clear and convincing evidence" that he lacked probable cause to instigate criminal proceedings against Hall.
Eubanks cites Ala. Code 1975, § 12-21-12(a), in support of this contention; however, this section establishes the "substantial evidence" rule for testing the sufficiency of evidence in rulings by the trial court and does not apply to the instant case.
It appears that Eubanks intended to cite Ala. Code 1975, § 6-11-20, as requiring that the absence of probable cause be proven by clear and convincing evidence in awarding punitive damages. We find, however, that this statute requires "clear and convincing evidence" only for awarding punitive damages in cases of oppression, fraud, wantonness, or malice. Ala. Code 1975, § 6-11-20(a). Nowhere does this statute require that the absence of probable cause be proven by the same standard. Moreover, we find that the issue of punitive damages was properly submitted to the jury. See Delchamps, Inc. v. Larry,613 So.2d 1235 (Ala. 1992). A court cannot be reversed for its refusal to give a charge that is not expressed in the exact and appropriate terms of the law. Johnston v. Byrd, 279 Ala. 491,187 So.2d 246 (1966). The trial court instructed the jury that it must be "reasonably satisf(ied)" that Eubanks had no probable cause to instigate the action against Hall, and this was not reversible error. See also Alabama Pattern JuryInstructions, § 24.05.
Based on the foregoing, we find that the judgment of the trial court is due to be affirmed.
AFFIRMED.
ROBERTSON, P.J., and YATES, J., concur. *Page 776