SHORES, Justice.
Sylvester McAfee appeals from a summary judgment in favor of his former employer and its workers’ compensation carrier in an action alleging outrageous conduct in connection with his workers’ compensation claim.
The evidence, viewed in a light most favorable to McAfee, suggests the following facts: McAfee injured his back on April 4, 1989, while employed as a crane operator by Shredders, Inc. Shortly thereafter, Continental Insurance Company (hereinafter “Continental”), the workers’ compensation carrier for Shredders, began paying McAfee temporary total disability benefits. Mr. McAfee returned to work, but he was discharged in October 1989, because of physical limitations stemming from the April 4, 1989, injury.
In January 1990, McAfee’s attorney indicated a desire to have McAfee evaluated to determine whether he was an appropriate candidate for vocational rehabilitation. In February 1990, Continental asked a vocational rehabilitation specialist to evaluate McAfee for that purpose.
In May 1990, the vocational rehabilitation specialist examined McAfee and reported to Continental that McAfee scored in the “low range” in vocational testing and had lost access to 68% of the jobs that he had been able to perform before his injury. Continental thereafter determined that further rehabilitation was not feasible.
On July 24, 1991, the circuit court approved a settlement of McAfee’s workers’ compensation claim. That settlement provided for a lump sum payment to McAfee for compensation benefits. The settlement further provided that Shredders “shall remain liable to the plaintiff for any and all past, present, or future medical, surgical, and vocational rehabilitation benefits to which the plaintiff may be entitled.” Neither McAfee nor his attorney formally submitted a request for a functional evaluation to Continental after agreeing to this settlement.
In May 1991, McAfee sued Shredders and Continental, contending that he had suffered a job-related injury and that Continental, as the workers’ compensation carrier for Shredders, owed him a duty to provide him with rehabilitation benefits. McAfee alleged that, as a result of Continental’s refusal to provide rehabilitation benefits, he had suffered severe emotional distress. McAfee further alleged that this denial of vocational rehabilitation benefits amounted to outrageous conduct. The trial court entered a summary judgment in favor of the defendants; McAfee appealed.
A summary judgment is appropriate only when the moving party shows “that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law.” Rule 56(c), A.R.Civ.P. Once the moving party has made a prima facie showing that there is no genuine issue of material fact, the nonmoving party must rebut that showing by presenting substantial evidence creating a genuine issue of material fact. Hope v. Brannan, 557 So.2d 1208 (Ala.1989). The evidence must be viewed in the light most favorable to the nonmoving party. King v. Winn-Dixie of Montgomery, Inc., 565 So.2d 12 (Ala.1990).
*873 An action alleging outrageous conduct — i.e., the tort of outrage — requires proof that: (1) the actor intended to inflict emotional distress, or knew or should have known that emotional distress was likely to result from his conduct; (2) the conduct was extreme and outrageous; and (3) the distress was severe. Moore v. Spiller Associated Furniture, Inc., 598 So.2d 835, 836 (Ala.1992), citing Perkins v. Dean, 570 So.2d 1217 (Ala.1990). With respect to this conduct, this Court has stated that it must be “so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized society.” American Road Service Co. v. Inmon, 394 So.2d 361, 365 (Ala.1981) (citing Restatement (Second) of Torts, § 46, comment d (1948)). As we stated in Inmon, this tort does not authorize recovery for mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities. 394 So.2d at 364-65.
McAfee contends that Continental’s not providing vocational rehabilitation constitutes outrageous conduct. We disagree. We have carefully reviewed the evidence, and we conclude that it was insufficient to meet the Inmon standard. Continental had an arguable reason for not providing vocational rehabilitation benefits, based on the vocational expert’s May 1990 report that McAfee had scored in the “low range” in vocational testing and had lost access to 68% of the jobs that he had been able to perform before his injury. The record reveals that the settlement agreement of July 24, 1991, left the issue of vocational rehabilitation open. Neither McAfee nor his attorney submitted a formal request for a functional evaluation after agreeing to the settlement.
Continental Casualty Insurance Co. v. McDonald, 567 So.2d 1208, 1209 (Ala.1990), represents the minimum threshold that a defendant in such a case as this must cross in order to commit outrageous conduct. In McDonald, there was evidence that the defendant, a workers’ compensation insurer, knew that the plaintiff, an injured worker, was enduring severe pain and knew that he was especially susceptible to emotional distress. A jury could have determined from the evidence in McDonald that the defendant intentionally delayed workers’ compensation payments for needed treatment in an effort to force the plaintiff into settling for a lesser sum than that to which he was entitled; this Court held that that evidence would support a claim alleging outrageous conduct.
There is no evidence that Continental’s actions were intended to cause McAfee severe emotional distress or that Continental had improper motives in dealing with McAf-ee. McAfee presented no evidence from which a jury could find that Continental’s conduct was “so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized society.” Inmon, at 365. Therefore, the trial court correctly entered the summary judgment in favor of the defendants. That judgment is hereby affirmed.
AFFIRMED.
MADDOX, HOUSTON, STEAGALL and INGRAM, JJ., concur.