Judith A. McDuff and G. Robert Conner sued Prince E. Turner, Kathleen Turner (referred to jointly as "the Turners"), and Turner Marine Supply, Inc. ("Turner Marine"), alleging malicious prosecution, the tort of outrage, and interference with business relations. In April 1995, the Turners filed a motion for summary judgment, and in May, Turner Marine joined in the motion. Following oral argument, the trial court determined *Page 1073 
that there were no genuine issues of material fact with respect to McDuff and Conner's claims of malicious prosecution and outrage. The trial court entered a summary judgment for the Turners and Turner Marine on the malicious prosecution and outrage claims. McDuff and Conner appealed to the Supreme Court, which transferred this appeal to this court pursuant to Ala. Code 1975, § 12-2-7(6).
On a motion for summary judgment, the burden is initially on the movant to make a prima facie showing that there is no genuine issue of material fact and that the movant is entitled to a judgment as a matter of law. Ala.R.Civ.P. 56. If the movant makes a prima facie showing, then the burden shifts to the nonmovant to establish a genuine issue of material fact.Carter v. Innisfree Hotel, Inc., 661 So.2d 1174, 1176
(Ala. 1995). Rule 56 is to be read in conjunction with the "substantial evidence" rule. Id. Substantial evidence consists of "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v.Founders Life Assurance Co. of Florida, 547 So.2d 870, 871
(Ala. 1989). "On review of a summary judgment, this Court considers the record in a light most favorable to the nonmovant and it resolves all reasonable doubts against the movant."Carter, 661 So.2d at 1177.
The record, when viewed in the light most favorable to McDuff and Conner, suggests the following facts:
McDuff and Conner began operating a business, known as The Dock, on the south bank of the mouth of the Dog River on Dauphin Island Parkway. The business operates as an open-air dock on which McDuff and Conner sell alcoholic beverages and provide musical entertainment for their customers. The Turners have lived on the north side of the Dog River across from The Dock for 23 years. Shortly after McDuff and Conner began operating The Dock, the Turners began to experience problems with the noise from The Dock's live musical entertainment. The Turners telephoned McDuff and Conner numerous times to request that the music be turned down. The Turners also contacted the police on several occasions, requesting the police speak to McDuff and Conner about the loudness of the musical entertainment.
During this time, the Turners were represented by Norton Brooker, an attorney. Brooker met with the Turners to discuss the loud music emanating from McDuff and Conner's business. Brooker then contacted the Alabama Alcohol Beverage Control Board ("ABC Board") to inquire of its rules and regulations. Brooker also familiarized him-self with Mobile's noise ordinance. Brooker advised the Turners that, based on his review of the ABC Board's regulations, he had concluded that The Dock should be enclosed in a building. Brooker advised the Turners of this conclusion and, on behalf of the Turners, filed an objection to the renewal of The Dock's liquor license. After the Turners filed their objection, McDuff and Conner contacted the Turners and requested a meeting with them regarding the situation. This was the first attempt by McDuff and Conner to discuss the problem with the Turners. The meeting was unsuccessful.
The ABC Board conducted a hearing on The Dock's liquor license application. Following this hearing, the ABC Board decided to accept The Dock's application. McDuff and Conner's attorney acknowledged that the Turners had the protection of the city's noise ordinance for a remedy if the Turners were still unsatisfied with The Dock's operation.
After the ABC Board hearing, Brooker independently investigated the noise from The Dock. The Turners continued to complain about the noise and finally requested Brooker send a written request to McDuff and Conner asking them to reduce the noise. The Turners' complaints continued for a year. The Turners then met with Brooker and discussed the possibility of filing a complaint in the municipal court charging McDuff and Conner with violating the city's noise ordinance. Brooker accompanied Prince Turner to the municipal court, where he filed complaints against McDuff and Conner.
McDuff and Conner were arrested for violating the city's noise ordinance. They were released from jail on November 9, 1993; *Page 1074 
McDuff and Conner were tried and acquitted of the charges. Following their acquittal, McDuff and Conner filed the present action against the Turners.
 1. The Malicious Prosecution Claim
"In order to succeed in a malicious prosecution action, a plaintiff must prove 1) that a prior judicial proceeding was instigated by the present defendant, 2) that it was instigated without probable cause and with malice, 3) that the prior proceeding ended in favor of the present plaintiff, and 4) that the present plaintiff was damaged thereby." Pannell v.Reynolds, 655 So.2d 935, 937-38 (Ala. 1994). See also Gunter v.Pemco Aeroplex, Inc., 646 So.2d 1332, 1333 (Ala. 1994). "Probable cause is the state of facts which would lead a person of reasonable prudence to honestly believe that the claims put forth in the prior suit would prevail." Eubanks v. Hall,628 So.2d 773, 775 (Ala.Civ.App. 1993). The issue of probable cause must go to a jury when the material facts are in dispute.Id. Malice may be inferred from the circumstances surrounding the prosecution. Id. "The element of malice may be inferred from the conduct of the defendant if no other reasonable explanation exists for his actions." Id.
Upon a thorough review of the record, we conclude that there are no material facts in dispute and that the trial court properly entered the summary judgment for the Turners and Turner Marine on the claim of malicious prosecution. There is no evidence that the Turners acted without probable cause or with malice in filing the complaint charging McDuff and Conner with violating the city's noise ordinance. Conner testified in his deposition that the only evidence he had that the Turners acted with malice was Prince Turner's statement that he would continue to call the police about the noise every day until he died. McDuff testified that she thought the Turners acted with malice because the Turners were bothered by the noise, because they thought The Dock served minors, and because that they just did not like The Dock's operation. Conner and McDuff both testified, however, that the Turners were entitled to the protection of the city's noise ordinance and had the legal right to seek that remedy.
Additionally, the Turners relied upon the advice of their counsel, Mr. Brooker. It is well settled in this state that the advice of counsel, sought honestly and acted on in good faith, supplies an essential element of probable cause for instituting a legal action and, therefore, is a complete defense to an action alleging malicious prosecution. Pannell,655 So.2d at 939 (Ala. 1994). See also Hovey v. Slawson, 598 So.2d 842, 843
(Ala. 1992). In order to prevail on this defense, one must show factually that the attorney's advice was given on a full and fair statement of all the facts and circumstances known to the attorney at the time by the party making the charge. Hanson v.Couch, 360 So.2d 942 (Ala. 1978). Brooker's affidavit indicates that he had thoroughly investigated the matter and had concluded that a prima facie violation of the noise ordinance had been established. This evidence is sufficient to support a defense against the claim of malicious prosecution.
 2. The Tort of Outrage Claim
McDuff and Conner contend that the trial court erred in entering the summary judgment for the Turners and Turner Marine on the claim of outrageous conduct. In order for conduct to give rise to liability under the tort of outrage, it must meet a certain threshold. Our supreme court recognized this special tort in American Road Service Co. v. Inmon, 394 So.2d 361, 365
(Ala. 1980):
 "[W]e now recognize that one who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress and for bodily harm resulting from the distress. The emotional distress thereunder must be so severe that no reasonable person could be expected to endure it. Any recovery must be reasonable and justified under the circumstances, liability ensuing only when the conduct is extreme. [citation omitted]. By extreme we refer to conduct so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious *Page 1075 
and utterly intolerable in a civilized society. [Citation omitted.]"
The court cautioned that the tort of outrage does not encompass recovery for " 'mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities.' " Id. at 364-65 (citations omitted).
In order to recover on their claim alleging outrageous conduct, McDuff and Conner must prove that "(1) the [Turners] intended to inflict emotional distress, or knew or should have known that emotional distress was likely to result from [their] conduct; (2) the conduct was extreme and outrageous; and (3) the distress was severe." McAfee v. Shredders, Inc.,650 So.2d 871, 873 (Ala. 1994). See also Moore v. Spiller AssociatedFurniture, Inc., 598 So.2d 835, 836 (Ala. 1992). One cannot be held liable where he has done no more than insist upon his legal rights in a permissible way. Inmon, 394 So.2d at 368.
None of the Turners' actions rise to the level of outrageous conduct. The Turners had probable cause to file the complaint against McDuff and Conner for their alleged violation of the noise ordinance. Also, McDuff and Conner conceded that the Turners had the right to seek redress in the courts. McDuff and Conner also contend that the Turners' objection to the renewal of The Dock's beer license was outrageous conduct. Nevertheless, they both testified that the Turners had the right to object to the issuance of the beer license if they believed the license should not be issued by the ABC Board. Additionally, McDuff and Conner claim that the Turners' rejection of McDuff and Conner's proposal that The Dock would not have any more music on the open-air dock again if the Turners would not object to the renewal of the beer license was outrageous conduct. This argument is meritless.
The Turners' conduct does not rise to the level recognized by the tort of outrage; it was not so extreme in degree as to go beyond all possible bounds of decency. Inmon, supra. The Turners initially attempted to solve the problem by telephoning McDuff and Conner in an effort to discuss with them the situation. McDuff and Conner did not reciprocate until the Turners filed their objection with the ABC Board. The Turners next resorted to asking the police to visit The Dock and request that the music be turned down. The Turners also formally objected to the renewal of The Dock's beer license. The Turners consulted with counsel regarding the situation and, finally, sought redress in the courts. None of these actions is outrageous.
McDuff and Conner also contend that the Turners' filing of the criminal complaint against them constituted outrageous conduct. As we determined previously, the Turners rightfully sought legal redress after consulting with an attorney. The Turners were pursuing a legal remedy and the result of their actions — the arrest — does not establish outrageous conduct. McDuff and Conner testified that the arrest was humiliating and embarrassing. This is an indignity, but evidence of that indignity does not support a claim of outrageous conduct. The Turners were doing something they had a legal right to do. Accordingly, the summary judgment was also proper on the claim of outrageous conduct.
The judgment of the trial court is affirmed.
AFFIRMED.
YATES, J., concurs.
ROBERTSON, P.J., concurs in the result.