318 So.2d 308

**Warren DILLON and Jean Dillon, jointly and severally**

**v.**

**C. T. NIX.**

**Civ. 469.**

Court of Civil Appeals of Alabama.

July 30, 1975.

Vernon Z. Crawford and J. U. Blacksher, Mobile, for appellants.

Fred F. Smith, Jr., Prichard, for appellee.

HOLMES, Judge.

This is an appeal from a jury verdict in the amount of $3,750 and judgment thereon in a suit by appellee-plaintiff for malicious prosecution.

The record reveals that in 1968 the appellant-defendants instituted in a federal district court a suit alleging that appellee-plaintiff maintained a policy of racial discrimination in the operation of a trailer park owned by appellee. The federal court action sought injunctive relief and damages. This federal court action was later amended to include appellee's mother and sister and appellee, in this appeal, was then stricken as a party defendant in the federal court action.

Thereafter, appellee, in the instant appeal, filed suit in the Circuit Court of Mobile against appellants, with the result as previously indicated.

Appellants present to this court several assignments of error, the dispositive one being that the learned trial judge erred to reversal in failing to grant appellants' motion for a directed verdict after the close of the evidence in that appellee failed, as a matter of law, to prove malice on the part of appellant-defendants. This assignment of error is well taken and requires reversal.

We note at this point the argument of able counsel for appellee in brief that appellants are under a misapprehension as to the cause of action of appellee. Appellee contends the suit was tried on the theory of abuse of process and not malicious prosecution. We do not agree with appellee. The pretrial order clearly states that the controversy is based upon a suit for malicious prosecution. This order controls the course of the action. Rule 16, ARCP.

We further note that even if the issue had been tried under the theory of abuse of process, reversal would be required. Abuse of process is an action which rests upon improper use of regularly issued process. In order to maintain an action for abuse of process the existence of an ulterior purpose must be proven. *Clikos v. Long,* 231 Ala. 424, 165 So. 394. Without further elaboration, suffice it to say there is no evidence in this case of an ulterior purpose.

To prevail in an action for malicious prosecution based on a civil prosecution the proof must show first, a judicial proceeding; second, that it was instigated by the defendant; third, want of probable cause; fourth, malice; fifth, termination of judicial proceeding favorable to the plaintiff; and sixth, damage. *Boothby Realty Co. v. Haygood,* 269 Ala. 549, 114 So.2d 555.

Malice in a malicious prosecution action has been defined as whatever is done willfully and purposely, whether the motive is to injury accused, to gain some advantage to the prosecutor, or through mere wantonness or carelessness, if at the same time wrong and unlawful within the

knowledge of the actor. *Gulsby v. Louisville & Nashville RR Co.,* 167 Ala. 122, 52 So. 392.

■ Malice may be inferred from the want of probable cause, or from defendant's conduct, where such conduct will admit of no other reasonable construction. *Hanchey v. Brunson,* 175 Ala. 236, 56 So. 971.

■ Furthermore, in an action for malicious prosecution, malice is an inference of fact, not of law, and must be determined by trier of facts as any other issue of fact is tried, and may be inferred from an absence of probable cause unless facts disclose that defendant in malicious prosecution action was acting in good faith. *Huffstutler v. Edge,* 254 Ala. 102, 47 So. 2d 197.

Assuming the lack of probable cause, neither that fact nor the conduct of the appellants in this instance permits such an inference of fact on the issue of malice to allow submission thereon to the jury.

■ The evidence shows that appellant inquired as to who was the owner of the trailer park and was informed it was a "Mr. Nix." The sign in front of the trailer park states "Nix's Trailer Park." Mr. Nix, the appellee here, resided at the trailer park. In fact, he was the only Mr. Nix residing there. There is no other evidence to the contrary.

Appellants then filed suit against the appellee. After discovering who the real owners and operators were, appellant amended his complaint to include these persons. Appellee's motion to be struck as a party defendant was granted on the same day the real parties were included. While appellee was not an owner or operator, one of the actual co-owners was his mother and the other was his sister. All three were represented by the same attorney.

For whatever value it may be, appellee himself testified that he had no malice toward the appellants, and as far as he knew, they had none against him; that he did not have to go to court; and that he was dismissed from the law suit.

One appellant testified, again for whatever value it may be, that based on the information given him the owner was a Mr. Nix and that appellee was the only Mr. Nix dwelling there. He "honestly believed" appellee was the owner and operator.

To this court it appears that the question of whether appellants had probable cause for bringing suit against appellee could be a question for the jury. *American Discount Co. v. Ramsey,* 28 Ala.App. 382, 184 So. 820. However, we are not of the opinion that appellants' actions, under the facts of this case, even assuming lack of probable cause, give inference of malice. The most that can be said is that there was a mistake as to the proper party sued. When the facts became known, appellee was struck from the suit and the correct parties were included. In this instance, we find, as a matter of law, no malice as previously defined.

As Mr. Justice Merrill said in *Boothby Realty Co. v. Haygood,* 269 Ala. 549, 114 So.2d 555, suits for malicious prosecution are "not favored in law." This action has been hedged by limitations more stringent than those in the case of almost any other action which causes damages to another. Courts have allowed recovery only when the requirements limiting it have been fully complied with.

The judgment is due to be reversed and remanded.

Reversed and remanded.

WRIGHT, P. J., and BRADLEY, J., concur.