BRADLEY, Presiding Judge.
This is a malicious prosecution case.
The relevant history of the cáse is as follows. On October 7,- 1981 Harold Johnson filed suit against Charles Smith to recover for moneys allegedly owed by Smith to Johnson. Smith had purchased paint from Johnson but had refused to pay, maintaining that the paint would not dry. After Smith filed a third-party complaint against the paint’s manufacturer, the manufacturer issued Smith a check, from which Johnson was paid and the debt allegedly settled.
Subsequently, Johnson filed a second suit against Smith, maintaining that Smith owed Johnson for unpaid automobile parts. Judgment was entered against Smith. Smith appealed, and the lower court’s judgment was reversed.
Smith then filed this malicious prosecution suit, maintaining, inter alia, that: (1) no debt was owed for automobile parts, (2) the entire debt — both for the paint and the automobile parts — was discharged in the settlement of the first case, (3) Johnson knew the debt was settled when he filed the second suit, (4) although Johnson knew the claim was false he maliciously proceeded with the second cause of action, and (5) Johnson’s actions constituted abuse of process.
The Baldwin County Circuit Court directed a verdict against Smith on the abuse of process claim. However, the malicious prosecution claim was submitted to the jury, and they returned a $2,500 verdict for Smith.
Johnson appeals.
The dispositive issue on appeal is whether Smith established a prima facie case for malicious prosecution. To establish malicious prosecution one must show:
“(1) institution or continuation of an original judicial proceeding, either civil or criminal; (2) by or at the instance of the defendant; (3) termination of such proceeding in the plaintiffs favor; (4) malice in instituting the proceeding; (5) want of probable cause for the proceeding; and (6) injury or damage as the result of the prosecution’s complaint.”
Hudson v. Chancey, 385 So.2d 61 (Ala.Civ.App.1985) (emphasis omitted).
Johnson’s sole contention on appeal is that Smith failed to establish malice and, consequently, that the trial court erred in not granting Johnson’s motion for directed verdict on the malicious prosecution claim.
Malice exists in those acts willfully and purposely done “whether the motive is to [injure] accused, to gain some advantage to the prosecutor, or through mere wantonness or carelessness, if at the same time wrong and unlawful within the knowledge of the actor.” Dillon v. Nix, 55 Ala.App. 611, 318 So.2d 308 (Ala.Civ.App.1975).
We also note a jury may infer malice from the facts in a case where there is a lack of probable cause, provided the defendant fails to establish good faith. Dillon, supra. Additionally, malice may be inferred from the conduct of the defendant if no other reasonable explanation exists for defendant’s actions. Dillon, supra.
We have examined the record and are satisfied that facts existed from which the jury could infer malice. Testimony was offered to the effect that Johnson was removed from the board of trustees of an organization of which both he and Smith were members.
*870 Other testimony indicated that Johnson held Smith responsible for his removal. In light of this testimony and the testimony of others involved in the initial suit who believed the entire debt had been settled, the jury could infer malice.
A prima facie case of malicious prosecution having been established, the judgment of the trial court is affirmed.
AFFIRMED.
HOLMES and INGRAM, JJ., concur.