INGRAM, Presiding Judge.
The case before us involves a complaint for breach of contract and málicious prosecution filed by Cheryl Collier Lee against Econo Auto Painting & Body Works, Inc., and Franklin H. Womble, Jr. (Econo). The trial of the case resulted in a jury verdict in favor of Lee, who was awarded damages of $316.42. Lee’s motion for a new trial was denied, and she now appeals to this court.
Lee first contends that the trial judge erred in giving one of the jury charges requested by Econo, as well as in not communicating certain definitions to the jury. We are precluded from addressing either of these issues because of Lee’s failure to properly preserve them for our review. Rule 51, Alabama Rules of Civil Procedure, states that a party may not charge the trial judge with error in giving or failing to give any jury instruction unless he states his objection thereto and the grounds therefor before the jury retires to deliberate. The record reflects that at no time did Lee object to either the trial court’s oral charge to the jury or to any written requested charge given; therefore, no error is preserved for review on appeal. Also, Lee cannot claim error here for the trial court’s failure to instruct the jury as to a certain statutory section definition when she failed to request such instruction from the trial court.
One purpose of Rule 51 is to ensure that the trial court is informed of any alleged errors in its instructions to the jury and is afforded the opportunity to correct them. Mason v. Jack Daniel Distillery, 518 So.2d 130 (Ala.Civ.App.1987). Since Lee did not object to the court’s charge, any errors therein are deemed waived and will not be considered by this court. Cooper v. Bishop Freeman Co., 495 So.2d 559 (Ala.1986); Ward v. Southern Pine Electric Cooperative, Inc., 401 So.2d 22 (Ala.1981).
Lee also contends that the jury’s verdict is contrary to the evidence and contrary to the law. We do not agree. It is well, settled that a jury verdict is presumed to be correct and that this presumption is strengthened when the trial court denies a motion for new trial. Merrill v. Badgett, 385 So.2d 1316 (Ala.Civ.App.), cert. denied, 385 So.2d 1319 (Ala.1980). A judgment based on a jury verdict will not be reversed unless it is plainly and palpably wrong. Ashbee v. Brock, 510 So.2d 214 (Ala.1987). Lee’s argument concerning these issues addresses only the malicious prosecution count, not the breach of contract count. The jury here returned a general verdict that did not specify upon which theory liability was imposed. It is also well settled that a general verdict is referable to any count that is supported by the evidence. Morrison’s Cafeteria of Montgomery, Inc. v. Haddox, 431 So.2d 969 (Ala.Civ.App. 1982), rev’d on other grounds, 431 So.2d *496 975 (Ala.1983); Sparks v. Milligan, 295 Ala. 358, 330 So.2d 417 (1976). Lee’s claim for breach of contract is such a count, and, therefore, we find no basis for reversal of the jury’s verdict in this case.
AFFIRMED.
ROBERTSON and RUSSELL, JJ„ concur.