In this malicious prosecution case, Grayham Lynch sued Green Tree Acceptance, Inc., and its attorney, Robert Moorer, alleging that a previous cause of action filed by Green Tree Acceptance against Lynch for conversion was filed maliciously and without probable cause. The court entered a summary judgment for the defendants; the plaintiff appeals.
The controversy in this case arises out of the following facts:
James and Jackie Hesterley purchased a mobile home in 1984, and signed a security agreement with Adventure Homes, Inc., of Cullman; their account was subsequently assigned to Green Tree Acceptance, which perfected its interest. In 1984, the Hesterleys rented a space from Grayham Lynch for their mobile home in Lynch's mobile home park. After having made eight payments on the trailer, however, the Hesterleys defaulted on their payments to Green Tree and on their rental payments to Lynch. Lynch, who needed the space where their mobile home was parked to rent to a paying tenant, had the Hesterleys' mobile home, with their permission, moved to his storage lot, which had no security, but was located within sight of a busy highway. Green Tree Acceptance thereafter learned that the mobile home had been moved. It inspected the mobile home and found that the air conditioner that had been on it when it was sold was no longer there. Green Tree then made arrangements for the mobile home to be picked up by the dealership that had sold it to the Hesterleys. Before it was picked up, however, it disappeared.
At the outset, we note the following:
 " 'Malicious prosecution is an action disfavored in the law.' Cutts v. American United Life Insurance Co., 505 So.2d 1211, 1212 (Ala. 1987). The reason for such disfavor is clear: '[P]ublic policy requires that all persons shall [be allowed to] resort freely to the courts for redress of wrongs and to enforce their rights, and that this may be done without the peril of a suit for damages in the event of an unfavorable judgment by jury or judge.' Boothby Realty Co. v. Haygood, 269 Ala. 549, 114 So.2d 555, 559 (1959).
 "For the trial court to have erred in granting summary judgment for [the defendant] on the malicious prosecution count, there must have been some direct or circumstantial evidence from which the trier of fact could reasonably infer each of the following elements, which comprise a cause of action for malicious prosecution; (1) that a judicial proceeding was initiated by [the defendant] against [the plaintiff], (2) that the judicial proceeding was instituted without probable cause, (3) that the [proceeding was] instituted by [the defendant] maliciously, (4) that the judicial proceeding had been terminated in favor of [the plaintiff], and (5) that [the plaintiff] suffered damage as a proximate cause of the judicial proceeding. Smith v. Wendy's of the South, Inc., 503 So.2d 843, 844 (Ala. 1987)."
Eidson v. Olin Corp., 527 So.2d 1283, 1284 (Ala. 1988). The only element at issue in this case is whether Green Tree Acceptance and its attorney had probable cause to initiate the original suit against Lynch.
 "Probable cause is defined as ' "[a] reasonable ground for suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the person accused is guilty of the offense charged." ' Parisian Co. v. Williams, 203 Ala. 378, 83 So. 122, 127 (1919). 'The *Page 1070 
question is not whether the [malicious prosecution] plaintiff was guilty of the thing charged, but whether the [malicious prosecution] defendant acted in good faith on the appearance of things.' Birwood Paper Co. v. Damsky, 285 Ala. 127, 134-35, 229 So.2d 514, 521 (1969).
". . . .
 "The test that this Court must apply when reviewing the lack-of-probable-cause element in a malicious prosecution case in which summary judgment has been granted to a defendant is as follows: Can one or more undisputed facts be found in the record below establishing that the defendant acted in good faith on the appearance of things as they existed when suit was filed, based upon direct evidence, or upon circumstantial evidence and inferences that can reasonably be drawn therefrom."
Eidson at 1285 (emphasis added in Eidson).
Green Tree claims that its suit was filed on the advice of its attorney, Robert Moorer, and that it and Moorer had reason to assume that Lynch had something to do with the disappearance of the mobile home and/or the air conditioner.
 "It is well settled in this state that advice of counsel, honestly sought and acted on in good faith, supplies an indispensable element of probable cause for legal action and is a complete defense to an action for malicious prosecution. Birwood Paper Co. v. Damsky, 285 Ala. 127, 229 So.2d 514 (1969); Broussard v. Brown, 353 So.2d 804
(Ala.Civ.App. 1978)."
Hanson v. Couch, 360 So.2d 942, 945 (Ala. 1978). Although this issue is generally one for the jury, where there is no dispute as to the facts given to the attorney the issue is to be decided by the trial court. See King v. Farrell, 55 Ala. App. 147, 314 So.2d 68, 71 (Civ.App. 1975).
Considering the facts that he had before him at the time the initial suit was filed, it is clear to us that Green Tree's attorney had probable cause to initiate the suit against Lynch.[1] First, the attorney knew that when Lynch learned of the difficulties that the Hesterleys were having in making their payments, Lynch questioned Green Tree about the possibility of purchasing some of the appliances in the mobile home. Subsequently, the air conditioning unit on the mobile home turned up missing after the mobile home was moved to the storage lot; Green Tree was told by Lynch's son that the air conditioning unit was located behind the office of the mobile home park, which was owned and operated by Lynch. In addition, Lynch had moved the mobile home to a storage lot where there was no security for the mobile home and had done so without the permission of Green Tree. These facts, considered together, constitute probable cause for the filing of the initial suit by Green Tree against Lynch. The mere fact that summary judgment was entered for Lynch in that suit does not mean there was no probable cause to file the suit in the first place; otherwise, every defendant who gets a summary judgment in a case would be entitled thereafter to sue for malicious prosecution.
For the foregoing reasons, the judgment is hereby affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, ALMON and STEAGALL, JJ., concur.
[1] Lynch argues in his brief that the affidavits relied on by Green Tree in its motion for summary judgment were improperly before the trial court. This argument was raised for the first time on appeal and, therefore, will not be considered by this Court.