Gregory L. Simpson was arrested and charged with stealing funds from his employer, Life Insurance Company of Georgia (hereinafter "Life of Georgia"). He was convicted, but the trial court granted his motion for a new trial; the State then declined to further prosecute the charge. Simpson sued Life of Georgia and David Tomlin, a Life of Georgia sales manager, alleging malicious prosecution and abuse of process. The trial court entered a summary judgment for the defendants, and Simpson appeals.
To sustain a claim of malicious prosecution, Simpson was required to prove that Life of Georgia filed charges against him without probable cause and with malice, and that the resulting trial ended in his favor but nevertheless caused him damage. Hornbuckle v. Berry, 575 So.2d 1103 (Ala. 1991). The sole issue on appeal is whether the warrant for Simpson's arrest was based on probable cause.[1]
The record reveals these facts: Simpson was employed by Life of Georgia as an insurance agent in the company's office in Huntsville, Alabama Tomlin was Simpson's sales manager and direct supervisor. To monitor its agents' job performance, Life of Georgia generates several reports tracking their sales and collection records. The reports score the number of premiums that are not current in an agent's account and, when the score reaches 150, Life of Georgia may begin to monitor *Page 996 
an agent's activity. In June 1990, Simpson's score exceeded 150 and Tomlin informed him that the company would audit his accounts. Simpson resigned within two days. The subsequent Life of Georgia audit revealed a shortage of $3109.38 in Simpson's accounts, based upon the company's regular tracking reports.
At Life of Georgia's request, Tomlin filed an incident report with the Huntsville Police Department, alleging that Simpson had "manipulated the money and financial figures" of various Life of Georgia accounts during his employment with the company. Tomlin submitted two affidavits of company officials attesting to the results of the Life of Georgia audit, and he signed a warrant for Simpson's arrest. Based on this audit, Simpson was indicted by the Madison County Grand Jury for first-degree theft.
A jury ultimately found Simpson guilty. He moved for a new trial, arguing that the Life of Georgia audit had been admitted in violation of the best evidence rule. Simpson argued that a document based on voluminous records can be admitted into evidence only if the underlying records are made available to the opposing party. Because all of the records underlying the Life of Georgia audit were not made available to Simpson, the trial court concluded that the audit had been improperly admitted into evidence, and it ordered a new trial. Later, upon the State's request, the court nol-prossed the charge.
Simpson argues that the audit did not constitute probable cause for his arrest because its contents had not been independently verified by the investigating police officer before the warrant was issued. At trial, however, the investigating officer testified that he and his staff were not qualified to conduct a separate investigation of the facts underlying the audit, because it was based upon lengthy, complex business documents. He further testified that, in cases alleging business fraud, he usually relied upon the information provided by the complaining party and merely acted as a "go-between" to get the information to the warrant magistrate.
Simpson also argues that Life of Georgia lacked probable cause because the police report showed that Tomlin merely accused him of "manipulating" the missing funds, not stealing them. At trial, several former agents for Life of Georgia testified that the term "manipulation of funds" describes a common practice whereby company agents collect premiums from one client and pay them into the company but actually credit the premiums to the account of another client whose policy is about to lapse for nonpayment. Tomlin testified, however, that neither he nor his supervisors had knowledge of the practice of "manipulation." Moreover, the Life of Georgia audit indicated that the funds were missing, not that they had been transferred to other accounts or otherwise "manipulated."
"Probable cause" is defined as "a reasonable ground for suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the person accused is guilty of the offense charged." Lynch v.Greentree Acceptance, Inc., 575 So.2d 1068 (Ala. 1991). When a prosecution ends in a criminal conviction, the conviction is prima facie evidence of probable cause for instituting the prosecution, even if the conviction is later vacated and the accused discharged. Brown v. Parnell, 386 So.2d 1137
(Ala. 1980). This prima facie evidence may be rebutted only by competent evidence that clearly overcomes the presumption of probable cause created by the conviction. Brown. Likewise, the return of an indictment is prima facie evidence of probable cause, and that evidence may be overcome only by a showing that the indictment was produced by the misconduct of the party seeking the indictment. Smith v. Wendy's of the South, Inc.,503 So.2d 843 (Ala. 1987).
Here, the presumption of probable cause is not clearly overcome by the evidence. Although Simpson presented evidence to the jury to show that he "manipulated" the missing funds rather than "stole" them, he nevertheless had been indicted and convicted. Simpson resigned when he learned that Life of Georgia would *Page 997 
audit his accounts, and the subsequent audit indicated that Simpson had misappropriated money from the company. The audit was based upon a fairly complex tracking system initiated by the company, and it did not reflect a "manipulation" of the missing funds. We therefore hold that these undisputed facts constituted probable cause for Life of Georgia to suspect Simpson of theft and, therefore, to commence the criminal proceeding.
A summary judgment is proper and must be affirmed on appeal if there is no genuine issue of material fact and the movant is entitled to a judgment as a matter of law. Rule 56, Ala.R.Civ.P.; Lee v. City of Gadsden, 592 So.2d 1036
(Ala. 1992). The defendants made a prima facie showing that they were entitled to the summary judgment, and the plaintiff did not rebut that showing. The summary judgment is affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, ALMON, SHORES, ADAMS, HOUSTON, KENNEDY and INGRAM, JJ., concur.
[1] This Court recently determined that probable cause is not an element to be proven in an abuse of process action. See DrillParts Service Co. v. Joy Mfg. Co., [Ms. 1911102, January 8, 1993], 1993 WL 1936 (Ala. 1993). We therefore consider the issue of probable cause only as it relates to Simpson's malicious prosecution claim. Our review of the record reveals a lack of substantial evidence to rebut Life of Georgia's prima facie showing that it was not guilty of abuse of process. Therefore, the summary judgment was proper on this claim.