[1] For the sake of clarity, we note that during the early stages of this litigation the entity formerly known as "Drennen Land Timber Company, a partnership" was incorporated under the name "Drennen Forestry Services, Inc." The change of the name and the change of the legal entity from that of a partnership to that of a corporation are not material to any of the issues presented on this appeal and cross-appeal.
We summarily affirm as to all the issues presented, on the direct appeal as well as on the cross-appeal (see Rule 53(a)(1) and (a)(2)(B), A.R.App.P.), except as to the trial court's submission to the jury of the conversion theory of the plaintiff's claim; therefore, we will address only the conversion issue. A lengthy recital of the rather long and convoluted history of this case would serve no purpose; therefore, we summarize only so much of the record as relates to the trial court's denial of the defendants' motion for J.N.O.V. with respect to the conversion theory of the plaintiff's claim. For the sake of convenience, throughout the opinion, where the parties are referred to as "the plaintiff" and "the defendants," we mean the counterclaim plaintiff
(Privett) and the counterclaim defendants (Drennen Land 
Timber Company and the individual defendants, Jim and Linda Tullis). *Page 1349 
Drennen Land Timber Company's removal of timber was stopped by Kerry Privett, the landowner, who contended that Drennen Land Timber had breached the timber sales agreement between them by failing to comply with the agreed-upon schedule of payment for the timber removal. Drennen Land Timber's action to enforce the agreement resulted in a settlement that was reduced to a "consent order" of the court; that order, among other things, authorized Drennen Land Timber to continue to remove timber pursuant to the original sales agreement.
By way of an amended counterclaim, which included a claim for conversion, Privett revived the litigation, claiming that Drennen Land Timber had wrongfully classified the various timber products (pulpwood, raw timber, pine poles, etc.), so as to reduce the overall payments due therefor and claiming that certain pulpwood was cut and not delivered to market. The jury verdict awarded Privett $19,436 in compensatory damages (that award is consistent with Privett's proof on his breach of contract theory) and $50,000 for punitive damages (punitive damages had been sought only under Privett's conversion theory).[2]
The elements of the tort of conversion have been long established, and these elements are relatively simple in their application to any given set of circumstances. To sustain a claim of conversion, there must be (1) a wrongful taking; (2) an illegal assertion of ownership; (3) an illegal use or misuse of another's property; or (4) a wrongful detention or interference with another's property. Gray v. Liberty Nat'lLife Ins. Co., 623 So.2d 1156 (Ala. 1993); Driver v. Hice,618 So.2d 129 (Ala. 1993); Gillis v. Benefit Trust Life Ins. Co.,601 So.2d 951 (Ala. 1992).
Here, the right to possession of the harvested timber, which passed to Drennen Land Timber upon execution of the sales agreement, is critical to our analysis of the tort of conversion and our application of that analysis. Indeed, a close examination of Privett's pleading reveals that he did not claim that Drennen Land Timber did not have the right to possession; rather, Privett maintained that he was entitled to an amount of money equal to the difference between the anticipated value (assigned by the contract) and the purported value of the timber (as assigned by the defendants). These terms are not descriptive of the possessory rights requisite to proof of conversion; rather, they are classic terms of proof of a claim of breach of contract. The mere allegation and proof that Drennen Land Timber wrongfully misgraded the harvested timber, and that the misgrading reduced the total compensation due Privett, which allegation and proof supported his breach of contract claim, do not sustain a claim of conversion.
Suppose, for the sake of discussion, that Privett's proof had shown that Drennen Land Timber exceeded its authority under the timber sales contract, in that Drennen Land Timber, in addition to cutting timber on the designated property, went onto undesignated property and cut timber, whether it did so innocently or mistakenly; in such a case, all of the elements of the tort of conversion would be met. Conversely, however, Drennen Land Timber harvested only the designated timber, but then wrongfully classified (graded) such timber in a manner, according to the evidence, that lowered the payments that would have been due therefor. The evidence clearly establishes the breach of contract claim, but not the conversion claim.
As noted earlier, the trial judge submitted the case to the jury on two theories: 1) breach of contract; and 2) the tort of conversion. The jury returned a verdict awarding the plaintiff $19,426 for compensatory damages and $50,000 for punitive damages for conversion. Because the evidence that supports the plaintiff's conversion theory also supports each requisite element of *Page 1350 
the plaintiff's breach of contract theory, and because the jury selected the verdict form for conversion, which permitted it to award both compensatory and punitive damages, we can not say that the jury's verdict, and the judgment entered thereon, was an adjudication in favor of the defendants with respect to the breach of contract theory of the plaintiff's claim. Not only did the trial judge instruct the jury that the two theories are not mutually exclusive, but he also correctly instructed the jury that the plaintiff was not entitled to a double recovery of compensatory damages.
To be sure, in the context of these two theories, the evidence adduced in support thereof, and the jury's verdict awarding both compensatory and punitive damages on the conversion theory, the proof of the requisite elements of conversion, as defined by the trial court's jury instructions, also supports an award on the breach of contract theory. Consequently, our reversal of the judgment based on conversion does not require that we render a judgment for the defendants as to the entire cause. Our holding is further buttressed by the fact that the jury did not specifically find for the defendants on the breach of contract theory. Doing so, in the context of a finding of conversion, under the facts of this case, would have resulted in an inconsistent verdict.
Therefore, unless, within 21 days from the date of this opinion, all parties file with the clerk of this Court a statement agreeing to the judgment for the amount of compensatory damages awarded by the jury, this cause will be remanded for a new trial on the breach of contract claim.
As to that portion of the judgment relating to punitive damages, the judgment is reversed and a judgment is rendered for the defendants. As to that portion of the judgment relating to compensatory damages, the judgment is affirmed conditionally.
This opinion was prepared by retired Justice RICHARD L. JONES, sitting as a Justice of this Court pursuant to §12-18-10(e), Ala. Code 1975, and it is hereby adopted as that of the Court.
1921839 — REVERSED AND JUDGMENT RENDERED IN PART; AND AFFIRMED CONDITIONALLY IN PART.
1921864 — AFFIRMED.
HORNSBY, C.J., and SHORES, HOUSTON, STEAGALL, KENNEDY and COOK, JJ., concur.
[2] While both theories were submitted to the jury, the jury verdict, as to compensatory and punitive damages, was based on conversion.