The plaintiff, Paul L. Gunter, appeals from a summary judgment entered for the defendant, Pemco Aeroplex, Inc. ("Pemco"), in a malicious prosecution case. We affirm.
The case arises out of an incident that occurred at the front gate of Pemco's Birmingham facility during a strike in which Gunter was a picket. Pemco hired replacement workers while the strike was in progress; they were transported to Pemco's facility in buses. On November 21, 1989, while Gunter was on the picket line, his sign collided with one of the buses. A Pemco security guard, Furman Jack Albright, witnessed the incident personally and asked the police to arrest Gunter. Albright swore out a warrant for Gunter's arrest, alleging disorderly conduct. Gunter was tried on the charge in the Birmingham Municipal Court and was found guilty. He appealed his conviction to the Jefferson County Circuit Court; the charge was later nol-prossed. Gunter then sued Pemco, alleging, among other things, malicious prosecution.[1]
We have carefully examined the record in this case and conclude that the summary judgment for the defendant Pemco should be affirmed. "In order to succeed in a malicious prosecution action, a plaintiff must prove that a prior judicial proceeding was instigated by the present defendant without probable cause and with malice; that the prior proceeding ended in favor of the present plaintiff; and that the present plaintiff was damaged thereby." Fina Oil ChemicalCo. v. Hood, 621 So.2d 253, 256 (Ala. 1993), citing Lumpkin v.Cofield, 536 So.2d 62 (Ala. 1988). " 'Probable cause is defined as "a reasonable ground for suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the person accused is guilty of the offense charged." ' " Fina Oil at 257 (quoting Eidson v.Olin Corp., 527 So.2d 1283, 1285 (Ala. 1988); Lynch v. GreentreeAcceptance, Inc., 575 So.2d 1068, 1069-70 (Ala. 1991)).
The record reflects that Pemco had probable cause. First, Gunter's conviction is prima facie evidence of probable cause for instituting the prosecution, even though the conviction was later vacated. Brown v. Parnell, 386 So.2d 1137, 1139
(Ala. 1980), citing Jordan v. Wilson, 263 Ala. 625, 626,83 So.2d 340, 342 (1955); Simpson v. Life Insurance *Page 1334 Co. of Georgia, 614 So.2d 994, 996 (Ala. 1993). It is clear from the record that Gunter offered no substantial evidence to overcome the presumption of probable cause raised by his conviction. Id. at 996.
Alabama law requires that "the existence of probable cause is to be judged in light of the facts as they appeared when the underlying action was filed." Fina Oil, supra at 257. Albright witnessed the incident and swore out the warrant. The evidence justified his doing so. Gunter does not contest the fact that his picket sign hit the bus; he contends that it was unintentional. However, nothing in the record indicates that Gunter ever sought to explain to Pemco or Albright that he did not intentionally hit the bus. Thus, the evidence indicates that when Albright initiated the prosecution he believed his eyes and entertained an honest and strong suspicion that Gunter intentionally struck the bus. Delchamps, Inc. v. Morgan,601 So.2d 442 (Ala. 1992).
For the reasons stated above, the judgment of the trial court is due to be affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, STEAGALL and INGRAM, JJ., concur.
[1] The trial court entered a summary judgment on March 17, 1993, on all claims except malicious prosecution. The plaintiff did not appeal as to those claims.