699 So.2d 1274 (1997)
TUSCALOOSA COUNTY and E.E. Tinsley
v.
Thomas HENDERSON.
2950845.
Court of Civil Appeals of Alabama.
March 28, 1997.
Rehearing Denied May 2, 1997.
Certiorari Denied July 18, 1997.
*1275 Robert Spence of Mullins & Spence, Tuscaloosa, for appellants.
Richard H. Holston, Tuscaloosa, for appellee.
Alabama Supreme Court 1961336.
MONROE, Judge.
Tuscaloosa County and E.E. Tinsley appeal from a judgment entered on a jury verdict in favor of the plaintiff, Thomas Henderson.
Henderson filed a complaint against Tuscaloosa County and its agent, license inspector E.E. Tinsley, alleging malicious prosecution, defamation, abuse of process, negligence, wantonness, and the tort of outrage. Henderson later amended his complaint to add allegations that Tuscaloosa County and Tinsley had acted fraudulently, in bad faith, beyond their authority, and/or under a mistaken interpretation of law.
A jury trial was held, and after the close of Henderson's case, the trial court granted Tuscaloosa County and Tinsley's motions for a directed verdict on Henderson's claims of defamation, fraud, outrage, bad faith, and abuse of process. At the close of all the evidence, the only claims submitted to the jury were malicious prosecution, negligence, and wantonness. The jury returned a verdict in favor of Henderson and against Tuscaloosa County and Tinsley in the amount of $35,000 in compensatory damages. In addition, the jury returned a verdict in favor or Henderson and against Tinsley for $15,000 in punitive damages. The court entered a judgment on these verdicts.
*1276 The following facts are reflected in the record: Henderson had been employed for more than 20 years by the Alabama State Highway Department. In his spare time, Henderson enjoyed photography. After having one of his photographs chosen to appear in a calendar, Henderson, assuming that the published photograph would provide public exposure for his photography, decided to open a photography business. To that end, he begin making preliminary arrangements, including obtaining a business license from Tuscaloosa County. However, because of funding problems, the calendar was never published, and Henderson decided not to open the photography business.
Henderson received a notice indicating that his business license was expiring and needed to be renewed. However, the notice directed Henderson to "[d]estroy this form if no longer applicable." Because he had decided against opening the business altogether, he disregarded this notice, as it instructed. Then, Henderson received a letter from Tinsley, the Tuscaloosa County license inspector, citing Henderson for not renewing his license and requesting that he obtain a business license from a certain location in the Tuscaloosa County Courthouse. Tinsley's assistant also telephoned Henderson's home and left a message. Henderson's wife returned the call and instructed the employee who answered the telephone that her husband was not in business. The employee told Mrs. Henderson that she would take care of the matter. However, Tinsley, who claimed that he had not been informed of Mrs. Henderson's call, had a warrant issued for Henderson's arrest. Henderson was arrested and charged with operating a business without a license. He was fingerprinted, booked, and photographed. After learning that Henderson was not operating a business, the district attorney's office had the charges against him dismissed.
At trial, Tinsley admitted that he was responsible for determining, before initiating an arrest, whether an individual was operating a business without a license. He also testified that he was required to have probable cause to believe business activity was ongoing before he could request an arrest warrant. Tinsley further admitted that, other than sending the letter, his only attempt to contact Henderson was by telephone during normal weekday work hours. Although Henderson was never home during normal weekday work hours, Tinsley never tried to contact him outside normal work hours because trying to do so would require Tinsley to work after 5:00 p.m. Tinsley testified that he "assumed," without conducting any investigation, that Henderson was operating a business without a license, simply because Henderson had obtained a license for the preceding year and had not renewed it for the following year.
Tuscaloosa County and Tinsley argue that the trial court erred in determining that Tinsley was not entitled to sovereign immunity. Article I, § 14, of the Alabama Constitution of 1901, provides that the State shall not be made a defendant in any court of law or equity. This section has been interpreted to provide sovereign immunity for the state and for its officers and agents. See Alabama State Docks v. Saxon, 631 So.2d 943 (Ala. 1994). The defendants argue that Tinsley was an employee of the state, not the county, and that he is therefore protected by sovereign immunity.
Section 40-12-10, Ala.Code 1975, establishes the office of license inspector and provides that each county commission is authorized and empowered to appoint an inspector. In accordance with this statute, the county commission was responsible for hiring Tinsley, establishing Tinsley's salary, and paying Tinsley's salary and expenses. This statute also provides that counties have the option of hiring a license inspector, but that they are not required to do so. Thus, Tuscaloosa County's decision to create the position of license inspector and to hire Tinsley for this position was entirely its own. In addition, Tinsley testified that the license required in Tuscaloosa County was a combination of both a state and a county license. Under § 40-12-3, Ala.Code 1975, where both state and county licenses are levied, one-half of the proceeds are paid to the state and one-half are paid to the county.
In deciding whether a defendant is entitled to sovereign immunity, courts must *1277 look at the facts, on a case-by-case basis, in order to determine whether the action is, in effect, one against the state. Nance v. Matthews, 622 So.2d 297, 299 (Ala.1993); Phillips v. Thomas, 555 So.2d 81, 83 (Ala.1989). The overwhelming evidence shows that Tinsley was employed by Tuscaloosa County, not by the State of Alabama. In addition, the record contains no evidence indicating that the judgments against Tuscaloosa County and Tinsley affect any state interest. Therefore, the trial court did not err in refusing to extend Tinsley sovereign immunity.
In addition, even if Tinsley was otherwise entitled to the protection of sovereign immunity, the evidence shows that the nature of Tinsley's actions would prevent immunity from applying. Indeed, Tinsley admitted that he was responsible for investigating each suspect to determine whether he or she was operating a business without a license; however, Tinsley never actually investigated to determine whether Henderson was operating a business. Thus, the evidence presented supports a finding that Tinsley acted with malice,[1] willfullness, or other conduct so beyond his authority that sovereign immunity would not apply.
"This Court has recognized that a state officer or employee may not escape individual tort liability by `"arguing that his mere status as a state official cloaks him with the state's constitutional immunity."' Barnes v. Dale, 530 So.2d 770, 781 (Ala. 1988) (quoting Tort Liability of State Officials in Alabama, 35 Ala.L.Rev. 153 (1984)). Clearly, a state officer or employee is not protected by § 14 when he acts willfully, maliciously, illegally, fraudulently, in bad, faith, beyond his authority, or under a mistaken interpretation of the law. See Lumpkin v. Cofield, 536 So.2d 62, 65 (Ala. 1988); Barnes, 530 So.2d at 782; DeStafney v. University of Alabama, 413 So.2d 391, 393 (Ala.1981); Gill v. Sewell, 356 So.2d 1196, 1198 (Ala.1978); Unzicker v. State, 346 So.2d 931, 933 (Ala.1977); and St. Clair County v. Town of Riverside, 272 Ala. 294, 296, 128 So.2d 333, 334 (1961)." Phillips v. Thomas, 555 So.2d 81, 83 (Ala. 1989) (emphasis added).
Tuscaloosa County and Tinsley also argue that Tinsley is entitled to "discretionary function" immunity and that the trial court erred by allowing the jury to determine whether Tinsley was entitled to this immunity. The transcript reflects that the trial court ruled that Tinsley's duties required the performance of both discretionary and ministerial functions and that it was submitting to the jury the question whether Tinsley performed the ministerial acts negligently. The Alabama Supreme Court has held that the functions of a public official can be composed of both discretionary and ministerial acts and that the negligent performance of ministerial acts is not protected by discretionary function immunity. Phillips, 555 So.2d 81. Indeed, the evidence presented revealed that Tinsley received a list of persons who had failed to renew their business licenses. If he was unable to reach these persons, he had warrants issued for their arrest. This process involved no discretion and no judgment on his part. Thus, the trial court's ruling that Tinsley performed ministerial functions was correct.
Although the trial court had already ruled that Tinsley performed ministerial functions, it nevertheless instructed the jury that, before it decided whether Tinsley had performed his ministerial functions negligently, it should consider whether Tinsley had actually performed ministerial functions in the first place. As Henderson argues, although this might constitute error, it was not prejudicial to the defendants. The charge permitted the jury to reconsider the trial court's ruling that Tinsley had performed ministerial functions. Because this ruling was unfavorable for the defendants, allowing the jury to reconsider it was not prejudicial, and it constituted harmless error. Holloway v. Robertson, 500 So.2d 1056 (Ala. 1986). In addition, we note that there is no indication in the transcript, and the defendants do not allege, that they objected to the *1278 jury charge upon which their argument is based. Rule 51, Ala.R.Civ.P., provides that a party cannot charge a trial court with error in giving or failing to give a jury charge unless the party states his objection and his grounds for the objection before the jury retires to deliberate. Lee v. Econo Auto Painting & Body Works, Inc., 549 So.2d 494 (Ala.Civ.App.1989). Therefore, even if the charge constituted reversible error, the error was not preserved for appeal.
Furthermore, an employee is not protected by discretionary function immunity if his actions were committed fraudulently, willfully, maliciously, or in bad faith. Wright v. Wynn, 682 So.2d 1 (Ala.1996). Henderson alleged that Tinsley acted wantonly and maliciously, and evidence was presented showing that Tinsley did not have probable cause to arrest Henderson and that he acted wantonly in arresting Tinsley without first conducting an investigation. As the trial court noted in its order denying the motion for a JNOV, the jury obviously found that Tinsley acted wantonly, recklessly, or in bad faith, because it awarded punitive damages. Thus, Tinsley would not have been shielded by discretionary function immunity even if his actions were determined to be discretionary in nature.
Tinsley and Tuscaloosa County also argue that the trial court abused its discretion in allowing the testimony of Rufus Cosby and Jeannie Leak, who testified that Tinsley had also caused them to be arrested for operating a business without a license when, in fact, they were not operating businesses. Without citing any authority, Tinsley and Tuscaloosa County argue that the testimony of Cosby and Leak should not have been admitted, because, they say, 1) its prejudicial effect outweighed its probative value and 2) it was inadmissible under the general exclusionary rule. However, Tinsley and Tuscaloosa County did not object before the trial court based on these grounds. Because Tinsley and Tuscaloosa County failed to state these grounds for their objection, the alleged error was not preserved for appeal. Rule 103, Ala. R. Evid. The trial record shows that Tinsley and Tuscaloosa County based their objection to the testimony on a relevancy argument. They do not argue on appeal that the trial court erred in ruling that the evidence was relevant. Therefore, they have not presented any basis for appellate review on this issue. See Landreth v. State, 600 So.2d 440 (Ala.Crim.App.1992) (holding that where specific grounds for an objection are stated at trial, all other grounds are waived and will not be considered for the first time on appeal).
The judgment of the trial court is affirmed.
AFFIRMED.
ROBERTSON, P.J., and THOMPSON, J., concur.
CRAWLEY and YATES, JJ., dissent.
CRAWLEY, Judge, dissenting.
I conclude that Tinsley was an agent of the State of Alabama, not of Tuscaloosa County, and that he is entitled to sovereign immunity. Ala. Const.1901, Art. I, § 14. I agree with the majority that the Tuscaloosa County Commission is responsible for hiring Tinsley, establishing his salary, and paying his salary; however, I cannot conclude that these facts are sufficient to make him an agent of the county. The present case arose out of Tinsley's efforts to collect a business license tax pursuant to Ala.Code 1975, § 40-12-1 through -3. The record reveals that the business license tax Tinsley was collecting is both a state tax and a county tax. Section 40-12-2(f) states:
"Any action to recover the amount due for any license, whether levied solely for state purposes or for state and county purposes, shall be instituted by the State of Alabama and may include all penalties and fees due by any person, in addition to the amount due for such license and interest thereon. The amount recovered in any such actions shall be paid to the State Department of Revenue, and if any portion of said license was levied for county purposes, such portion shall be remitted to the county in which such license was payable, and the department may from the amount of any penalties or fee thus recovered remit the amount, if any, due to the judge of probate, commissioner of licenses, or license inspector."
(Emphasis added.)
In order to determine whether an individual is protected from suit on the basis of *1279 sovereign immunity, the court will "consider such factors as the nature of the action and the relief sought." Phillips v. Thomas, 555 So.2d 81, 83 (Ala.1989). The statute unambiguously states that it is the State of Alabama, not the county, that enforces the license statute, even if, as in this case, the tax is a combination state and county tax. Therefore, Tinsley was acting as a state officer, not a county officer, as he attempted to enforce the statute.
A state officer is not immune from suit if he acts "willfully, maliciously, illegally, fraudulently, in bad faith, beyond his authority, or under a mistaken interpretation of the law." Id. It is undisputed that Henderson did not violate the business license statutes; however, Tinsley's office made a mistake in not removing Henderson's name from the list of individuals who were required to renew their business licenses. I conclude that that mistake does not rise to the level of willful or malicious conduct so as to remove sovereign immunity; therefore, I must respectfully dissent.
YATES, J., concurs.
NOTES
[1] We note that malice, for purposes of a malicious prosecution action can be inferred from want of probable cause. Thompson v. Harris, 603 So.2d 1086 (Ala.Civ.App.1992). Malice has also been defined in this context as "whatever is done willfully and purposely ..., or through mere wantonness or carelessness, if at the same time wrong and unlawful within the knowledge of the actor." Dillon v. Nix, 55 Ala.App. 611, 613-614, 318 So.2d 308, 310 (1975).