MONROE, Judge.
The city of Gadsden prosecuted Layne K. Lawder for plumbing without a license in violation of a Gadsden city ordinance. The municipal court convicted Lawder of the charge. However, Lawder appealed to the Etowah Circuit Court, and a jury returned a verdict of not guilty. Lawder then filed a malicious prosecution and fraud action against the city and Brent Brewer, the city’s plumbing inspector. A jury returned a verdict in favor of Lawder and against Brewer on the malicious prosecution claim and *710 against both the city and Brewer on the fraud claim. The jury awarded $20,000 compensatory damages and $10,000 punitive damages for malicious prosecution and $50,-000 compensatory damages for fraud. The city and Brewer appealed to the Alabama Supreme Court, which transferred the appeal to this court pursuant to § 12-2-7(6), Ala.Code 1975.
The underlying facts are as follows: On January 9, 1992, after being notified that construction was taking place at Lawder’s residence, Brewer went with Gadsden’s building inspector to inspect Lawder’s residence. Lawder, who was not a plumber and who had never had a plumbing license, was conducting extensive repairs on his home, such as leveling the foundation, removing the chimney, replacing most of the wiring in the home, and replacing the plumbing. At the time of the inspection, Lawder had installed a PVC pipe where the kitchen sink would eventually be installed. Also, he had installed a washer box, which provides a place for faucets and a drain for a clothes washer.
Brewer, in accord with standard policy, secretly tape recorded the conversation during the inspection. Brewer informed Lawder that the work he had completed at his home was in violation of the law. Further, he told Lawder that to comply with the law, Lawder would have to hire a plumber or become a plumber. Lawder responded by telling Brewer that he had been doing the work himself because he could not afford to hire a plumber. Brewer informed Lawder that a warrant would be issued if he did not comply with the law.
On January 10, 1992, Lawder received a certified letter from Brewer. The letter stated that it was a stop-work order. It also gave Lawder 10 working days to comply with the requirements or, it said, Brewer would be forced to take legal action against Law-der. Lawder ceased all work, but never obtained a plumbing permit.
On February 18, 1992, Brewer swore out a warrant for Lawder’s arrest, charging him with plumbing without a license in violation of the city ordinance. Before swearing out the warrant, Brewer checked the city records to determine whether Lawder had received a permit. However, Brewer did not visit Law-der’s premises again, nor did he have any further discussion with Lawder. On February 24, 1992, Lawder received notice of the warrant for his arrest, and on February 25 he turned himself over to the Gadsden Police Department.
Lawder sued the city of Gadsden and Brewer, alleging false imprisonment, negligence, willful misconduct, malicious prosecution, and fraud. The trial court entered a summary judgment on all claims except malicious prosecution as to Brewer and fraud as to Brewer and the city. The case proceeded to a jury trial. At the close of Lawder’s case, the city and Brewer moved for a directed verdict on both counts. The trial court denied the motion. At the close of all the evidence, the city and Brewer renewed their motion for directed verdict. The trial court denied the motion and submitted both claims, malicious prosecution and fraud, to the jury. The jury returned a verdict in favor of Law-der on both counts.
Brewer claims that the trial court erred in denying his motion for a directed verdict on the claim of malicious prosecution because, he says, Lawder failed to prove malice and failed to overcome the presumption of probable cause created by the municipal court conviction. Also, Brewer argues, because Lawder failed to show malice and a lack of probable cause, the trial court erred in charging the jury on malicious prosecution.
A motion for a directed verdict permits the trial court to determine whether the nonmovant has presented substantial evidence to support a finding of each element of the cause of action or defense. First Financial Insurance Co. v. Tillery, 626 So.2d 1252, 1255 (Ala.1993). Substantial evidence is defined as “evidence of such quality and weight that reasonable and fair-minded persons in the exercise of impartial judgment might reach different conclusions as to the existence of the fact sought to be proven.” § 12-21-12(d), Ala.Code 1975. In reviewing a motion for a directed verdict, this court must view all the evidence in a light most favorable to the nonmovant and must consider such reasonable evidentiary inferences as the jury *711 has been free to draw. First Financial Insurance Co. v. Tillery, 626 So.2d 1252, 1256 (Ala.1993).
The essential elements of malicious prosecution are: “(1) that a prior judicial proceeding was instigated by the present defendant, (2) that it was instigated without probable cause and with malice, (3) that the prior proceeding ended in favor of the present plaintiff, and (4) that the present plaintiff was damaged thereby.” McDujf v. Turner, 679 So.2d 1071, 1074 (Ala.Civ.App.1996). Probable cause can be found when the particular facts and circumstances within a person’s knowledge would have led a person of reasonable caution to believe that an offense has been committed. Delchamps, Inc. v. Larry, 613 So.2d 1235, 1238 (Ala.1992). The element of malice can be inferred from the lack of probable cause, or from the defendant’s conduct, where such conduct will admit of no other reasonable construction. Dillon v. Nix, 55 Ala.App. 611, 318 So.2d 308 (1975). A conviction is prima facie evidence of probable cause for instituting the prosecution, even if the conviction is later overturned. Gunter v. Perneo Aeroplex, Inc., 646 So.2d 1332, 1333 (Ala.1994). However, this presumption of probable cause may be rebutted by any competent evidence that clearly overcomes the presumption. Gunter, 646 So.2d at 1334.
Although the relevant statute has since been amended, that statute, Ala.Code 1975, § 34-37-15, at the time this problem arose provided:
“The following acts, work and conduct may be performed by anyone, without license or certificate, provided ...
“(1) Plumbing work done by a property owner in or about a building owned or occupied by him so long as such plumbing work does not necessitate tying into waste or sewer lines on the outlet side of a trap.”
Gadsden city ordinance § 6-125 stated:
“It shall be unlawful for any person to do or perform, or to contract, direct or superintend any plumbing within the city unless such person has first received a certificate of competency, and unless such certificate is in force and effect at the time such plumbing is done, directed or superintended.”
The parties differ in their interpretations of the state statute. Lawder argues that a violation does not occur until the homeowner actually ties into the city waste and sewer lines. However, the city and Brewer claim a violation has occurred as soon as the homeowner does any kind of work in a house that would eventually be tied into the city lines. Apparently, the trial court interpreted the statute in accord with.Lawder’s interpretation.
The evidence established that the only work Lawder had done was to install a single PVC pipe, which was not connected to any appliance. Further, both parties agree that no “trap” (a P-trap, installed under a sink to form a water seal) was installed. Thus, Law-der argued, the existing work could not have been on the outside of a trap, as required for a violation of the statute. Moreover, Lawder presented evidence that Brewer never returned to the premises to determine if any further work had been done.
Lawder presented evidence from which the jury could infer that Brewer, an experienced plumbing inspector, could not have seriously considered Lawder’s work to be a violation of the ordinance when in fact Brewer had knowledge that a trap was never installed. Also, Lawder argued, because of Brewer’s expertise in the field, he would be able to determine that Lawder had not tied into a waste or sewer line. Lawder offered evidence from which reasonable and fair-minded persons might reach different conclusions as to the lack of probable cause. As to the existence of malice, Lawder presented the fact that Brewer never returned to his home to determine if Lawder had ceased all work. Nevertheless, as stated, the jury can infer malice from the lack of probable cause. Dillon v. Nix, 55 Ala.App. 611, 318 So.2d 308 (1975). Thus, there were disputed issues as to the lack of probable cause, and the trial court correctly submitted the issue to the jury. Therefore, the trial court did not err in denying Brewer’s motion for directed verdict or in charging the jury on malicious prosecution.
*712 As to the claim of fraud, both the city and Brewer claim that the trial court erred in denying their motion for directed verdict and charging the jury on fraud. The essential elements of fraud are: (1) a false representation, (2) of a material fact, (3) relied on by the plaintiff and (4) resulting in damage to the plaintiff. P & S Business, Inc. v. South Central Bell Telephone Co., 466 So.2d 928, 930 (Ala.1985). The city and Brewer argued that Lawder’s claim was of a future act, a promise not to prosecute; thus, they say, Lawder also had to show an intent to deceive. See Gross v. Lowder Realty Better Homes & Gardens, 494 So.2d 590, 592 (Ala.1986).
The fraud claim centers on the letter of January 10, 1992, which Lawder received from Brewer. The letter states that it is a “stop work order.” Further, it states that Lawder could comply with the law by hiring a plumber. At the close of the letter, Brewer states a warning to Lawder to “make the necessary corrections within 10 days” or Brewer would be “forced to take legal action.” Lawder offered the letter to show that, read reasonably, it could lead to the belief that Lawder was to cease work or Brewer would take legal action. Further, Lawder was given instructions on what he could do to legally complete the work at his home. Lawder offered evidence that he ceased all work and, thus, understood from the letter that no legal action would be taken against him.
Thus, we find that Lawder presented substantial evidence from which a jury could infer that the city and Brewer intentionally made a misstatement that Lawder relied on to his detriment. Therefore, the trial court properly denied the motion for directed verdict and did not err by charging the jury on fraud.
Brewer and the city also claim that the trial court erred in denying their motions for a new trial and for a JNOV because, they say, the jury verdicts were inconsistent. Initially, we note that jury verdicts are presumed correct and that this presumption is strengthened on a trial court’s denial of a motion for a new trial. Smith v. Blankenship, 440 So.2d 1063 (Ala.1983). Indeed, a trial court’s ruling on a motion for new trial should not be disturbed on appeal unless some legal right has been abused and unless the record plainly and palpably shows the trial court to be in error. Jones v. Baltazar, 658 So.2d 420, 421 (Ala.1995).
Brewer and the city argue that the jury assessed a double recovery of compensatory damages for Lawder. A plaintiff may not be entitled to a double recovery of compensatory damages. Drennen Land & Timber Co. v. Privett, 643 So.2d 1347, 1350 (Ala.1994). However, the verdicts are not inconsistent. The claims of fraud and malicious prosecution are separate claims and are not mutually exclusive. See Privett, 643 So.2d at 1349. The fraud claim and the malicious prosecution claim were supported by different evidence, and the jury received separate charges for the claims. Privett, 643 So.2d at 1349. Thus, the trial court properly denied the motion for new trial and for a JNOV.
The city and Brewer assert that the trial court erred in admitting into evidence a transcript made of the taped conversation between Lawder and Brewer during the inspection on January 9, 1992. No objection was made as to the tape itself by the city or Brewer. However, both objected to admitting the transcript and allowing the jurors to view the transcript while listening to the tape. Particularly, the city and Brewer argue they were prejudiced by a particular part of the transcript in which the transcriber characterized the speaker as “laughing.” “Laughing” was partially marked out (but still legible) and replaced with “sigh.”
Rulings on the admissibility of evidence rest largely within the discretion of the trial court and will not be disturbed on appeal except for an abuse of discretion. Russellville Flower Craft, Inc. v. Searcy, 452 So.2d 478, 480 (Ala.1984). Moreover, “[i]n order to warrant reversal, any alleged error must be prejudicial and must affect the substantial rights of the party.” Village Toyota Co., Inc. v. Stewart, 433 So.2d 1150, 1156 (Ala.1983). Further, typewritten transcripts of admissible tape recordings are admissible *713 if their accuracy is adequately established. Hawkins v. State, 443 So.2d 1812, 1315 (Ala.Crim.App.1983).
The parties dispute who created the transcription. However, Brewer himself testified that he had read the transcript and considered it fairly accurate. Thus, it does not appear that reversible error was created in admitting the transcript. In addition, the trial court attempted to prevent any undue reliance on the transcript by giving a detailed instruction to the jurors to use the transcript only as an aid and instructing them that if at any time the transcript appeared to be inconsistent with what they heard on the. tape, they should go with what they believed they had heard on the tape, not the transcript.
Brewer and the city also claim that the trial court erred in allowing Lawder to refer during trial to his alleged. poverty. Brewer and the city made a pretrial motion in limine on this matter. The trial court granted it as to either party’s mentioning the general wealth or poverty of a party, but denied it as to Lawder’s financial condition at the time of the construction so that Lawder could establish why he did not hire a plumber. During trial, Lawder commented that his financial situation was “pretty tight,” that he had “just [come] through Christmas and two or three birthdays” at the time of the construction, and that the particular season of year was “a bad time for people who work outside.” The city and Brewer renewed their objections during this testimony and their objections were overruled.
Rulings on the admissibility of evidence will not be disturbed on appeal except for an abuse of discretion. Russellville Flower Craft, Inc. v. Searcy, 452 So.2d 478 (Ala.1984). Further, to be reversible, an error must be prejudicial and must affect the substantial rights of a party. See Village Toyota Co. v. Stewart, 433 So.2d 1150 (Ala.1983). Here, the trial court found Lawder’s financial condition at the time of the construction to be relevant. Even if determined to be irrelevant, the statements clearly would not cause such a prejudicial effect as to create reversible error. Further, the city and Brewer have failed to convince this court that the testimony unfairly prejudiced their substantial rights. Thus, the trial court did not abuse its discretion in allowing these statements into evidence.
Brewer also urges this court to reverse the trial court’s denial of his motion for summary judgment with respect to the defense of immunity. Brewer maintains the denial was error because, as Brewer argues, he was a city official acting within the scope of his authority and performing a discretionary function and, this fact, he says, shielded him from liability.
A summary judgment is proper if there is no genuine issue of material fact and the movant is entitled to a judgment as a matter of law. Rule 56(c)(3), Ala. R. Civ. P.; Bussey v. John Deere Co., 531 So.2d 860, 862 (Ala.1988). The party moving for a summary judgment must present evidence that would be admissible at trial. Rule 56(e), Ala. R. Civ. P. When the moving party makes a prima facie showing that no genuine issue of material fact exists, the burden shifts to the nonmoving party to rebut the showing by presenting substantial evidence creating a genuine issue of material fact. Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala.1989). Evidence is “substantial” if it is “of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989). On review of the trial court’s judgment, we are required to view the record in a light most favorable to the nonmovant and to resolve all reasonable doubts in favor of the nonmovant. Hanners v. Balfour Guthrie, Inc., 564 So.2d 412, 413 (Ala.1990).
A public officer acting within the general scope of his authority is not subject to tort liability for an administrative act or omission if he is immune because he is engaged in the exercise of a discretionary function. See Taylor v. Shoemaker, 605 So.2d 828; 831 (Ala.1992), quoting Restatement (Second) of Torts § 895 D (1979). Immunity is inapplicable in eases in which the governmental employee acted willfully, maliciously, illegally, fraudulently, in bad faith, beyond *714 his authority, or under a mistaken interpretation of the law. City of Mobile v. Sullivan, 667 So.2d 122 (Ala.Civ.App.1995). The evidence created genuine fact issues as to whether Brewer had acted beyond his authority, willfully, maliciously, or in bad faith. Therefore, the trial court properly denied the motion for summary judgment based on immunity.
The judgment of the trial court is affirmed.
AFFIRMED.
ROBERTSON, P.J., and YATES J., concur.
THOMPSON, J., concurs in the result.
CRAWLEY, J., dissents.