[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 11, 2011
JOHN LEY
CLERK

No. 10-15807
Non-Argument Calendar

_____

D.C. Docket No. 2:09-cv-01697-JEO

ISSAC DAVID,
an individual,

                                                          Plaintiff - Appellant,

versus

SAURIN SHAH, M.D.,
VALERIE SHAH,

                                                          Defendants - Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(May 11, 2011)

Before CARNES, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Issac David appeals the summary judgment in favor of Saurin and Valerie

Shah and against David's complaint of malicious prosecution. The district court ruled that the Shahs had probable cause to sue David individually. We affirm.

The Shahs filed in an Alabama court a complaint against David and his construction company, The David Group, Inc. The Shahs alleged that David and his company had breached their contract to construct a new home for the Shahs and had concealed "severe structural defects" in the house. The parties submitted the dispute to binding arbitration. The arbitrator found that the Shahs "failed to prove specifically any defects in the home other than some minor damage" and were "not entitled to recision of the contract," but the arbitrator awarded to the Shahs "damages against the David Group, Inc." The arbitrator also found that "Isaac David [was] not personally liable" to the Shahs.

After David filed in the district court a complaint that alleged that he had been prosecuted maliciously by the Shahs, the Shahs answered with a denial that they had acted tortiously. The Shahs moved for summary judgment on the ground that they had probable cause to sue David because he had signed various documents in his own name, and the Shahs attached to their motion a homebuyer agreement and six addenda that David had signed. The homebuyer agreement and Addendum E did not mention The David Group. The agreement, which was a standard form provided by Remax Realty, used the terms "Homebuilder" and

"Builder" interchangeably and, although the signature block provided for "The Builder" to sign in his representative capacity, David signed the agreement in his individual capacity. On Addendum E, a Plan Review/Change Order, David signed his own name as "Homebuilder." The Shahs also attached to their motion addenda that David could have, but failed to, sign in a representative capacity. Addendum B, the Limited New Home Warranty, listed The David Group, Inc., as the seller and contained a signature block for the "Builder" to sign in his representative capacity, but David signed the addendum in his own name. Two addenda, the Closing/Pool/Punch List and the Final Punch List, listed "The David Group, Inc." as the seller, but David signed the addenda in his own name. Although two other addenda, the pool cost breakdown and a schedule of allowances, were captioned "The David Group Inc," David also signed those addenda in his own name.

David responded that the Shahs and their attorney lacked a reasonable basis to sue David individually. David argued that the agreement and addenda should be interpreted according to the rules governing negotiable instruments, which provide that an agent will not be held liable on an instrument that the parties know the agent signed on behalf of his principal. Applying that rule, David argued that he could not be held liable individually because the Shahs knew "throughout the relationship that the entity identified as the represented part[y] and as the only

3

party liable was The David Group, Inc.," and David submitted numerous addenda and other documents that stated he was a representative of The David Group and that company was the "seller" and "builder" of the Shahs' home.

The district court entered summary judgment in favor of the Shahs. The district court rejected David's argument that the contract was akin to a negotiable instrument. The district court found that the agreements that David signed in his own name, coupled with evidence that the Shahs had made checks payable to David, provided probable cause for the Shahs to sue David individually. The district court also found that "nothing in the record counter[ed] the allegations . . . that David . . . possessed information concerning the condition of the home and property which was not disclosed." The district court ruled that neither "[t]he presence of other, contrary evidence" nor the determination of the state court that David was not liable personally "alter[ed] the fact that there is no evidence" that the Shahs "lack[ed] . . . probable cause to support the claims for misrepresentation, fraud and suppression against David in his individual capacity."

We review a summary judgment de novo and view the evidence in the light most favorable to the nonmoving party. Moore ex rel. Moore v. Reese, No. 10–10148, slip op. at 21 (11th Cir. Apr. 07, 2011). Summary judgment should be entered when there is no genuine issue of material fact and the moving party is

entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).

Under Alabama law, which the parties agree applies, "to prevail on a malicious prosecution claim, a plaintiff . . . must show: (1) a prior judicial proceeding was instituted by the defendant . . .; (2) the defendant acted without probable cause in the prior proceeding; (3) the defendant acted with malice in instituting the prior proceeding; (4) the prior proceeding ended in favor of the plaintiff; and (5) the plaintiff was damaged."  U.S. Steel, LLC, v. Tieco, Inc., 261 F.3d 1275, 1290 (11th Cir. 2001).  Probable cause existed for the defendant to initiate the prior judicial proceeding if he had "'a reasonable ground for suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the person accused is guilty of the offense charged.'"  Id. at 1291 (quoting Simpson v. Life Ins. Co. of Ga., 614 So. 2d 994, 996 (Ala. 1993)).  "[I]f there are undisputed facts in the record establishing that the defendant had probable cause to pursue the [litigation], the plaintiff cannot recover for malicious prosecution."  Id.

The district court correctly entered judgment in favor of the Shahs.  To determine the capacity in which a party signs an agreement, Alabama courts "look[] to the consistency between the body of the contract and the signature block."  Marriott Int'l, Inc. v. deCelle, 722 So. 2d 760, 763 (Ala. 1998).  Although

5

David signed some agreements in his individual capacity and others in a representative capacity, "the fact [David] signed [some] [documents] in his own name could in itself create personal liability on his part." B & M Homes, Inc. v. Hogan, 376 So. 2d 667, 676 (Ala. 1979). The Shahs had probable cause to sue David individually.

We **AFFIRM** the summary judgment against David.